UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ALONZO ODOM, | Case No. 6:19-cv-00831-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| TARA COX, in her individual and official capacity as an employee of ODOC Health Services, | |
| Defendants. | |

MCSHANE, District Judge:

Plaintiff is an inmate at the Oregon State Penitentiary (OSP). His remaining claim in this case alleges retaliation under the First Amendment. Defendant Cox now moves for summary judgment on grounds that the undisputed evidence of record fails to establish a violation of plaintiff's rights. Defendant's motion is granted.

BACKGROUND

On August 24, 2017, plaintiff was in the dental clinic at OSP for a possible infection in his mouth. Defendant Cox is a dental assistant in the clinic and was present at plaintiff's

- 1 -   OPINION AND ORDER

appointment. The dentist, Dr. Murphy administered a topical anesthetic and began examining plaintiff's mouth with dental tools. Apparently the anesthetic had not yet taken effect and Dr. Murphy's actions caused plaintiff pain. Plaintiff jumped out of the chair, expressing frustration and displeasure with Dr. Murphy, and terminated the examination.

Plaintiff contends that he asked Dr. Murphy and Cox for their names so he could file grievances against them, and they refused. Plaintiff walked to the main office area and obtained the names of Dr. Murphy and Cox from a corrections officer. Cox then approached plaintiff and informed him that another appointment would be scheduled with a different provider. Plaintiff left the clinic area and returned to his prison job.

Approximately twenty minutes later, plaintiff was escorted to disciplinary segregation due to a misconduct report filed by Cox accusing plaintiff of Disrespect I, Disobedience of an Order I, and Extortion. Aggrey Decl. Ex. 2. According to Cox, plaintiff became "argumentative," "aggressive" and "intimidating" during the examination, and he yelled, "I'm not going to let you touch me!" *Id.*; Cox. Decl. ¶¶ 8-11. Cox maintains that plaintiff was situated so as to "block" her exit from the dental cubicle, and she felt threatened and thought "someone was going to get hurt." *Id.* Cox avers that plaintiff walked into the main office and demanded names after being told to leave the area.

Plaintiff received a disciplinary hearing on August 31 and September 6, 2017. Aggrey Decl. Ex. 1-3. During the hearing, plaintiff stated that he became nervous and scared while sitting in the dental chair and claimed that he was not aggressive towards Cox. The Hearings Officer considered Cox's allegations and reviewed video evidence of plaintiff in the main office area. The Hearings Officer noted that the video showed plaintiff leaving the dental clinic and walking to an officer's station, where plaintiff spoke with a nurse and correctional officer. Cox

then approached plaintiff and they had a brief conversation. The Hearings Officer found, "At no time in the video does inmate Odom make any aggressive movements toward Dental Assistant T. Cox." *Id.* Ex. 1 at 1. No video evidence of the disputed incident in the dental clinic was available. *Id.*

The Hearings Officer found that the evidence did not support violations of Disrespect I or Disobedience of an Order I and instead found that plaintiff had committed the lesser violations of Disobedience of an Order II and Disrespect III. *Id.* Ex. 1 at 2. The Hearings Officer dismissed the alleged violation of Extortion and sanctioned plaintiff with eight days' loss of privileges. *Id.* Ex. 1 at 3. Plaintiff also claims that he also spent eight days in disciplinary segregation prior to the hearing and lost his incentive level and prison job.

## DISCUSSION

In his Amended Complaint, plaintiff alleges that Cox filed a false misconduct report against him in retaliation for his stated intent to pursue his rights under the prison grievance process. Defendants move for summary judgment on grounds that plaintiff fails to show he was retaliated against because of constitutionally protected conduct. To prevail on their motion, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

To sustain a claim of First Amendment retaliation, plaintiff must establish "five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff meets the first, third, and fourth elements. Filing a misconduct report constitutes adverse action against a prisoner, and a prisoner's stated intent to pursue a grievance is considered constitutionally protected conduct. *See Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017) (explaining that "the form of [prisoner] complaints – even if verbal, let alone, as here, written – is of no constitutional significance, and that threats to sue fall within the purview of the constitutionally protected right to file grievances"); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (holding that retaliation against prisoners for exercising their First Amendment right to file grievances "is itself a constitutional violation"). Further, being the subject of a false misconduct report likely "would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568-69 (citation omitted). However, I find that plaintiff fails to show that the misconduct report failed to advance a legitimate correctional goal.

Plaintiff contends that, even though he was frustrated, he was not threatening or aggressive toward Dr. Murphy or Cox. Plaintiff emphasizes that had his conduct been truly threatening, a corrections officer would have handcuffed and removed him immediately. *See* Pl.'s Decl. & attached exhibits (ECF Nos. 39 & 40). Plaintiff maintains that Cox would not provide her name "for a grievance" and filed the misconduct report immediately after plaintiff left the infirmary to avoid "bad mark on her record." Pl.'s Mem. in Opp'n at 4 (ECF No. 38). Plaintiff thus argues that Cox lodged the misconduct report "in hopes of chilling plaintiff's First Amendment exercise of his right to file a grievance" and not in pursuit of a legitimate correctional purpose. *Id.* at 4-5.

Although plaintiff credibly disputes Cox's allegation that he was threatening and posed a danger, plaintiff does not dispute the Hearings Officer's finding that plaintiff failed to comply with a valid order and committed the violation of Disobedience of an Order II. The Hearings Officer made this finding after listening to plaintiff's explanation and reviewing the evidence presented, and plaintiff admits that Cox asked him to leave the area. *See* Pl.'s Mem. in Opp'n at 2; Aggrey Decl. Ex. 1. Compliance with valid orders is a legitimate penological interest, and plaintiff cannot show that the misconduct report failed to reasonably advance this correctional goal.

To the extent plaintiff's arguments implicate his right to procedural due process, a prisoner is entitled to procedural due-process protections only when a prison-disciplinary action "implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Here, plaintiff was held in disciplinary segregation before his hearing and sanctioned with eight days of lost privileges, which do not constitute atypical and significant hardships. *See Quoc Xuong Luu v. Babcock*, 404 Fed. App'x 141, 142 (9th Cir. Nov. 19, 2010) (upholding the dismissal of a due process claim because the plaintiff's "temporary loss of prison privileges" did not allege a protected liberty interest); *see also Resnick v. Hayes*, 213 F.3d 443, 448-49 (9th Cir. 2000) (finding that placement in segregated housing pending a disciplinary hearing did not implicate a protected liberty interest).

Accordingly, defendants are entitled to summary judgment.

///

///

- 5 -    OPINION AND ORDER

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 29) is GRANTED and this case is DISMISSED. All pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 10th day of March, 2021.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge
